JOSEPH MITCHELL, an Infant, by EMILY MITCHELL, his Guardian ad Litem, Respondent, *v.* SARA J. KEENE, Appellant.

*Negligence — personal injuries on an elevator — facts establishing negligence.*

A messenger boy with telegrams to be delivered at a hotel showed them to the elevator man and stepped into the elevator at such hotel; the elevator man handed the telegrams back, pulled the rope and let the elevator go up and stopped it at the third floor; there were no other persons in the elevator and the elevator man knew the persons whom the messenger boy desired to see for the purpose of delivering the dispatches.

*Held,* that the boy had the right to assume, when the elevator stopped, that he had arrived at the floor upon which he was to alight;

That it was not negligence upon his part to place himself in a position to leave the elevator as soon as the door of the shaft should be opened;

That after such stoppage it was the duty of the elevator man, before starting the car again, to see that there was no danger in starting the car, or to give the boy some notice that he had not arrived at his destination;

That the failure to do so and the starting of the car, which had no door to protect the persons riding therein, by means of which the boy's foot was caught and crushed, justified the assumption by a jury, in an action brought to recover damages for the personal injuries so sustained, of negligence on the part of the person in charge of the elevator and of the absence of negligence on the part of the boy.

APPEAL by the defendant, Sara J. Keene, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of January, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made on the 27th day of February, 1895, and entered in said clerk's office denying the defendant's motion for a new trial.

*de Lagnel Berier*, for the appellant.

*G. A. Moses*, for the respondent.

VAN BRUNT, P. J.:

The evidence upon the part of the plaintiff shows that he was a messenger boy working for the American District Telegraph Company; that the premises in question were known as the Windemere Flats or the Windemere Hotel, situated on the southwest corner of Fifty-seventh street and Ninth avenue; that the plaintiff on the sixth of June had two telegrams to deliver to persons who were resident in said flats. There was an elevator in the building, and upon entering the building the plaintiff went to and stepped into the elevator. The man in charge of the elevator was there; the boy handed him the telegrams and he took them and then handed them back. When he had handed the telegrams back he pulled the rope and let the elevator go up, and it stopped at the third floor. The boy approached the doorway of the elevator and stood with his left foot out waiting for the door to be opened. The elevator man then pulled the rope again, giving no notice to the boy, the elevator went up and the boy's foot was caught between the floor of the elevator and the top of the door of the elevator shaft and injured.

Upon these facts the jury found a verdict in favor of the plaintiff,

and from the judgment thereupon entered and from the order denying motion for new trial this appeal is taken.

It is claimed the complaint should have been dismissed because no negligence had been proven against the defendant. It is urged that the stoppage of the elevator by the elevator man without saying anything, or having said a word to intimate that it was the floor at which the plaintiff was to alight, and without opening the door of the elevator shaft, should not and could not have been considered by the plaintiff as an intimation that he had arrived at the floor at which he was to get out of the elevator. We think, however, this is error. There were no other persons in the elevator; the elevator man knew the persons whom the plaintiff desired to see for the purpose of delivering the dispatches; and when he stopped the elevator the plaintiff had a right to assume that he had arrived at the floor upon which he was to alight. It was not negligence upon his part to place himself in a position to leave the elevator as soon as the door of the shaft should be opened. After such stoppage it was the duty of the elevator man, before starting the car again, to see that there was no danger in starting the car, or to give the plaintiff some notice that he had not arrived at his destination. This he utterly failed to do. He started the car, the car itself having no door to protect the parties who were riding in it; the plaintiff's foot was caught and crushed.

We think the jury had a right from these facts to infer negligence upon the part of the person in charge of the elevator and a want of negligence upon the part of the plaintiff.

The judgment and order appealed from should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.